199 F.Supp.2d 944 (2001)
Frank D. SCHEMBRE, C. Keith Thompson, James P. Rohr, Kurt Dierkes, Joe Hoette, Donald Bennish, Gerald Albers and Matteo A. Coco, in their representative capacity as Trustees of the Cement Masons Local 527 Pension Fund, the Cement Masons Local 527 Trust Fund, and the Cement Masons Local 527 Vacation Fund, Plaintiffs,
v.
ORTH CONSTRUCTION COMPANY, Defendant.
No. 4:00 CV 1503 DDN.
United States District Court, E.D. Missouri, Eastern Division.
October 24, 2001.
*945 Greg A. Campbell, Diekemper and Hammond, St. Louis, MO, for Frank D. Schembre.
Stephanie O. Zorn, McMahon and Berger, St. Louis, MO, for defendant.
Orth Construction Company, St. Louis, MO, pro se.
NOCE, United States Magistrate Judge.

MEMORANDUM OPINION
This action is before the court for disposition following a non-jury trial.[1] The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
The Trustees of the Cement Masons Local 527 Pension, Welfare and Vacation Funds brought this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and the Labor Management Relations Act, 29 U.S.C. § 185, to recover from defendant Orth Construction Company unpaid contributions to the funds, interest thereon, liquidated damages, attorney's fees, accounting fees, and costs.[2]

Findings of Fact
1. Defendant Orth Construction Company (Orth Construction) is a party to a *946 collective bargaining agreement (CBA) with Cement Masons Local 527, effective May 1, 1999. CBA § 1.01 defines "employee" as "a person employed by the Employer and having the job classification of or performing labor as a cement mason or a cement apprentice." CBA § 2.1 provides that the union is the bargaining agent "for all employees of the Employer engaged in cement finishing ...." Laborers who work in the construction industry are represented by other unions and are covered by other collective bargaining agreements.
2. Section 7.06 obligates Orth Construction to contribute to Local 527's Pension Fund the sum of $5.62 per hour "for each actual hour worked by each employee covered by this Agreement except apprentices who have not completed their third term." Section 7.02 similarly provides: "No pension contribution shall be made to apprentices until they have completed their third term in the program."
3. Section 7.07 obligates Orth Construction to contribute $2.75 per hour "for each actual hour worked by all employees covered by this Agreement, including apprentices," to Local 527's Welfare Fund.
4. Section 7.08 provides that the contributions to these funds are to be made monthly.
5. Section 7.10 provides that, if an employer fails to make the required contributions to the funds on or before the due date,
such Employer shall be liable, in addition to the unpaid balance, for liquidated damages of $25.00 for each delinquency, or 10% of the amount of the contribution[s] which are owed, whichever is greater, and, in addition, the delinquent contributions shall bear interest at the rate of six percent (6%) per annum from the due date until they are paid....
Further, in the event the Trustees place the account in the hands of legal counsel for collection, the delinquent Employer shall be liable for reasonable attorneys' fees and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc. Reasonable attorneys' fees shall mean ... 33 1/3% of the total amount collected (including liquidated damages) if collection is effectuated after the commencement of suit or filing a lien or institution of an arbitration or other collection proceeding.
6. Section 7.12 obligates Orth Construction to deduct from employees' gross wages $1.25 per hour and to pay this amount as a contribution to Local 527's Vacation Fund.[3]
7. Section 7.11 obligates Orth Construction to contribute $.14 for each actual hour worked by each employee covered by the CBA to the St. Louis Construction Training and Advancement Foundation.
8. In the St. Louis area the cement mason apprenticeship educational program is administered by the Joint Apprenticeship Committee, a joint management-labor organization of the Associated General Contractors organization and the Cement Masons Union, Local 527.
9. The apprenticeship program is conducted under written Apprenticeship Standards which have been approved by the Bureau of Apprenticeship and Training, U.S. Department of Labor. The Apprenticeship Standards define an "apprentice" as a person "engaged in learning the trade covered by these Standards and who [is] under a written agreement, hereinafter called an Apprenticeship Agreement," between *947 the Joint Committee and the person employed as an apprentice.
10. The Apprenticeship Standards prescribe the procedure for becoming an apprentice, which entails submitting an application, obtaining a letter of intent from an employer willing to employ the applicant for the term of the apprenticeship, entering into an "apprenticeship agreement" as defined above, and passing a drug test. The agreement is then registered with the Bureau of Apprenticeship and Training. Only after completing this process is an individual eligible for employment in the apprenticeship classification. The apprenticeship educational program generally includes 288 hours of classroom study and 3200 hours of on-the-job training. The program usually takes four years to complete. Two six-month terms are accomplished in the first year, a third term of one year in the second year, and a fourth term of one year in the third year.
11. Orth Construction employed Ricky Muniz and Orlando Holmes to do cement masonry work during the times relevant to plaintiffs' claim. Orth Construction gave each one a letter of intent necessary for his entry into the apprenticeship program. Muniz submitted a written application on October 27, 2000, for entry into the apprenticeship program. Muniz did not complete the application process and did not sign an apprenticeship agreement. Holmes submitted an application to the apprenticeship program on August 15, 1999. But like Muniz, Holmes did not complete the application process or sign an apprenticeship agreement. The administrative office of the apprenticeship program never advised Orth Construction that Muniz and Holmes did not complete the apprenticeship application process and Orth Construction never enquired of that office whether they had entered the apprenticeship program.
12. In reports of hours worked submitted by Orth Construction to Local 527 for April, May, and July, 2000, Muniz and Holmes are listed as apprentices. Orth Construction's report for June, 2000, does not indicate that these individuals were apprentices.
13. As reflected in audits of Orth Construction's payroll records, Muniz worked 75.5 hours in April 2000; and in August 1999, another employee, Tim Benden, worked 57.50 hours. In May 2000, Muniz worked 114.5 hours; in June 2000, Holmes worked 64 hours and Muniz worked 52 hours; in July 2000, Holmes worked 94.5 hours.
14. Orth Construction failed to pay pension contributions for Muniz in April, May and June 2000, and for Holmes in June and July.
15. Orth Construction under-reported Holmes's hours by 40 hours in June 2000, and by 57.5 hours in August 2000; under-reported Benden's hours by 23.5 hours in August 1999; and over-reported Muniz's hours by two hours in May 2000.

Conclusions of Law
This court has subject matter jurisdiction over the action pursuant to 29 U.S.C. § 185 and 29 U.S.C. § 1132(e), (f). The plaintiff Fund Trustees are multi-employer employee benefit plans within the meaning of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1002(3), 1002(37)(A). The Trustees may sue under ERISA to recover unpaid contributions mandated by the collective bargaining agreement. See Carpenters Fringe Ben. Funds v. McKenzie Eng'g, 217 F.3d 578, 582 (8th Cir.2000).
Muniz and Holmes were employees covered by the CBA. Neither Muniz nor Holmes were apprentices as that term was used in the CBA. Thus, sections 7.02 and *948 7.06 of the CBA, exempting defendant Orth Construction Company from Pension Fund contributions for apprentices prior to completing their third term, do not relieve it of its obligation to make contributions for these employees.
Orth Construction argues that Holmes and Muniz were apprentices, because they were not journeymen and, therefore, it did not have to make contributions for the hours they worked. The Court disagrees. The plain language of the collective bargaining agreement requires Orth Construction to contribute to the Funds for persons performing covered work. The agreement does not require that employees be properly classified as journeymen or apprentices before employer contributions are required. Holmes and Muniz did cement masonry work, although they were neither journeymen nor apprentices.
Orth Construction also argues that the apprenticeship program office did not notify it that Holmes and Muniz were not properly registered as apprentices. This is not a defense to the plaintiffs' claims. The collective bargaining agreement does not place upon the apprenticeship educational program the duty to so notify the employer of the status of apprentice program applicants. Because the CBA obligated Orth Construction to make contributions for persons doing covered work, unless they were apprentices who had not completed their third term in the apprenticeship program, Orth Construction at its own risk failed to inform itself about the status of these employees and to contribute to the Funds or not as the CBA provided.
Plaintiffs are entitled to recover from Orth Construction unpaid pension contributions in the amount of $2,930.83.[4]See 29 U.S.C. § 1132(g)(2)(A).
Welfare Fund, Vacation Fund, and Training Fund contributions are recoverable by plaintiffs for the under-reported hours of Benden and Holmes, in the amount of $500.96.[5] The total of all unpaid contributions is thus $3,431.79. Subtracting from this the $8.28[6] in contributions made for the two over-reported hours for Muniz, Orth Construction Company's total liability for unpaid contributions is $3,423.51. Liquidated damages in the amount of $342.35, and interest at the rate of 6% per annum until the pension contributions are paid are also recoverable under section 7.10 of the CBA. See also id. at § 1132(g)(2)(B), (C). Furthermore, in accordance with section 7.10 of the CBA, plaintiffs are entitled to $1,255.17 in attorney's fees,[7] and costs of this action. See also id. at § 1132(g)(2)(D).
An appropriate Judgment shall accompany this Memorandum Opinion.

JUDGMENT
Pursuant to the Memorandum Opinion issued herein this day,
*949 IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs have and recover of defendant Orth Construction Company the sum of $3,765.86 as unpaid contributions to the plaintiff funds and liquidated damages, plus six per cent interest thereon until the said contributions and liquidated damages are paid, plus attorneys' fees in the sum of $1,255.17, plus the costs of the action.
NOTES
[1] Plaintiffs had filed a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. A hearing was held on the motion. At the hearing, defendant Orth Construction Company appeared without counsel through its president, Caleb Orth. Because it appeared that the record contained factual disputes, the court determined to consider the oral testimony of the parties' witnesses. Therefore, the motion for summary judgment is denied.
[2] In their motion for summary judgment, plaintiffs also sought delinquent union dues. At the evidentiary hearing, plaintiffs acknowledged that they were not the proper party to seek these dues.
[3] This section obligates Orth Construction Company to make additional contributions to the Vacation Fund which are not at issue in this action.
[4] This amount consists of unpaid Pension Fund contributions for Muniz: (75.5 hours × $5.62) + (116.5 hours × $5.62) + (52 hours × $5.62); for Holmes: (64 hours × $5.62) + (94.5 hours × $5.62) + (40 hours × $5.62) + (57.5 hours × $5.62); and for Benden: (23.5 hours × $5.62). The payroll examination reports (Dierkes Affidavit, Exhs. J and K) indicate that Pension Fund contributions as of May 2000 should have been $5.72 per hour worked. The court finds no support in the record for the $5.72 figure and accordingly uses the $5.62 figure set forth in the CBA.
[5] This amount consists of the unpaid Welfare, Vacation, and Training Fund contributions for Benden: (23.5 hours × $2.75) + (23.5 hours × $1.25) + (23.5 hours × $.14); and for Holmes: (40 hours × $2.75) + (40 hours × $1.25) + (40 hours × $.14) + (57.5 hours × $2.75) + (57.5 hours × $1.25) + (57.5 hours × $.14).
[6] (2 hours × $2.75) + (2 hours × $1.25) + (2 hours × $.14).
[7] 33 1/3% of the unpaid contributions and liquidated damages.